UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
**DAVID TETREAULT,**              )
                    **Plaintiff,**      )         **CIVIL ACTION**
                                     )
            **v.**                 )         **NO. 4:19-40056-TSH**
                                     )
**ANDREW SAUL,**             )
**Commissioner of Social Security**    )
**Administration,**               )
                    **Defendant.**  )
_____ )

**ORDER AND MEMORANDUM PLAINTIFF'S MOTION FOR AN ORDER REVERSING THE COMMISSIONER'S DECISION AND THE COMMISSIONER'S MOTION TO AFFIRM THE COMMISSIONER'S DECISION (Docket Nos. 16 & 24)**

**January 28, 2020**

**HILLMAN, D.J.**

This is an action for judicial review of a final decision by the Commissioner of the Social Security Administration (the "Commissioner" or "SSA") denying the application of David Tetreault ("Plaintiff") for Social Security Disability Insurance Benefits. 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff filed a motion for an order reversing this decision. (Docket No. 16). The Commissioner filed a cross-motion seeking affirmance. (Docket No. 24). For the following reasons, the Court vacates and remands to agency for further consideration.

**Background**

The parties are familiar with the factual history of this case and the applicable five-step sequential analysis. Accordingly, the court will review the procedural and substantive history of the case as it relates to the arguments set forth by the Plaintiff.

1

Plaintiff filed for disability benefits under Titles II and XVIII of the Social Security Act on July 29, 2014, alleging that he became disabled on December 14, 2009,[1] due to back pain, leg pain, hip pain, and a numb left foot. (AR 320–26, 408–20). The Social Security Administration denied his claim at the initial and reconsideration levels. (AR 101–10, 111–22). Plaintiff requested and received an administrative hearing. (AR 40–82, 192–222). After the hearing, Administrative Law Judge Michael P. Breton (the "ALJ") concluded that Plaintiff was not disabled. (AR 123–46). In reaching this conclusion, the ALJ afforded great weight to the opinion of Kathleen Gannon, PT ("PT Gannon"). (AR 137). The ALJ, however, failed to acknowledge the portion of PT Gannon's opinion stating that Plaintiff could only "work part time and perform sitting for up to 4 hours and 27 minutes and standing for up to 2 hours throughout his workday." (AR 1450). The Appeals Council granted Plaintiff's Request for Review and returned the case to the ALJ for reevaluation of PT Gannon's opinion and an explanation of the weight attributed to it. (AR 147–50).

Following another hearing (AR 83–100, 223–42), the ALJ again determined that Plaintiff was not disabled. (AR 10–39). The ALJ afforded partial weight to the opinion of PT Gannon but failed to address the portion of her opinion stating that Plaintiff could only work 6 hours and 27 minutes out of a normal workday. (AR 29). The ALJ's decision became the final decision of the Commissioner after the Appeals Council denied review. (AR 1–6).

### *The ALJ's Findings*

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from March 29, 2012, his amended alleged onset date, through December 31, 2014, his date last insured. (AR 15). At step two, the ALJ found that Plaintiff had the following severe impairments: failed back fusion syndrome and obesity. (AR 15–16). At step three, the ALJ found that Plaintiff's

---

[1]  He subsequently amended his alleged onset date to March 29, 2012. (AR 85, 407).

impairments did not meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 16). Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(b), except that

> [T]he claimant would need to sit or stand no more than 60 minutes at a time. The claimant could never climb, kneel, or crawl. He would need to avoid heights, ladders, foot pedals, and hazards/dangerous machinery. The claimant was limited to no more than occasional stooping, bending, balancing, and twisting. He would need to avoid vibration.

(AR 16–17). At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work as a millwright helper, material handler, bagger, forklift operator and driver, or construction worker. (AR 30–31). At step five, the ALJ found that Plaintiff was not disabled because he could perform a significant number of other jobs, e.g., surveillance system monitor, order clerk for food and beverage, or telephone information clerk. (AR 31–32).

## Standard of Review

This Court may not disturb the Commissioner's decision if it is grounded in substantial evidence. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence exists when there is enough evidence that a reasonable person could agree with the Commissioner's conclusion. *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981). Thus, this Court must uphold the Commissioner's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion," even if the administrative record could support multiple conclusions. *Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) (quoting *Rodriguez*, 647 F.2d at 222).

## Discussion

### 1. PT Gannon

In his initial decision, the ALJ purported to afford "great weight" to the opinion of PT Gannon. (AR 137). The ALJ's RFC, however, conflicted with the portion of PT Gannon's opinion

3

stating that Plaintiff can only "work part time and perform sitting for up to 4 hours and 27 minutes and standing for up to 2 hours throughout his workday." (AR 1450). The Appeals Council remanded for the ALJ to "[r]eevalat[e]" PT Gannon's opinion and "[g]ive further consideration to the claimant's maximum residual functioning capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations." (AR 148). In doing so, the Appeals Council directed the ALJ to "evaluate the treating and nontreating source opinions pursuant to the provisions of 20 CFR 404.1527, and explain the weight given to such opinion evidence." (AR 148).

Plaintiff argues that the ALJ erred in again failing to explain his rejection of PT Gannon's sit and stand limitations. (Docket No. 17 at 3–4). The Court agrees. The ALJ found PT Gannon's opinion "generally consistent" with the record. (AR 29). However, it afforded PT Gannon's opinion partial weight. (AR 29). The only explanation given for the partial rejection of her opinion was "that the claimant is limited by additional postural and environmental limitations due to his experience of back pain and hip pain," i.e., that PT Gannon's opinion was not restrictive enough.[2] (AR 30). This rationale does not explain the ALJ's rejection of the sit and stand limitations. And while PT Gannon is not an "acceptable medical source" under 20 C.F.R. § 404.1502[3] and the ALJ did not need to provide "good reasons" for rejecting portions of her opinion, *see Sutton v. Berryhill*, 358 F. Supp. 3d 162, 168 (D. Mass. 2019) (internal quotation marks omitted), the ALJ was required to at least "explain the weight given" to her opinion "or otherwise ensure that the discussion of the evidence . . . allows a claimant or subsequent reviewer to follow the adjudicator's reasoning," *Boyde v. Berryhill*, No. 17-11316, 2018 WL 2187370, at *7 (D. Mass. May 11, 2018) (internal

---

[2] And nothing in the ALJ's decision suggests this is just one example of several rationales for partially rejecting PT Gannon's opinion. (AR 29–30).
[3] Because this claim was filed before March 27, 2017, § 404.1502 controls.

quotations marks and citations omitted).  Here, the ALJ's failure to provide any guidance, explicit or implicit, as to why he rejected these limitations is error.[4]  Thus, the Court must vacate and remand for further consideration.

    *2. Consideration of a Closed Period of Disability within the Relevant Time Period*

The Court rejects Plaintiff's contention that the ALJ erred in failing to consider whether he was disabled for a subset of the relevant time period given his failed spinal surgery.  The ALJ described the medical records associated with Plaintiff's surgery and follow-up appointments at length in determining Plaintiff's RFC.  (AR 20–24).  The ALJ then concluded that Plaintiff "was not under a disability . . . *at any time* from March [2]9, 2012, the amended alleged onset date, through December 31, 2014, the date last insured."  (AR 32) (emphasis added).  Given this record, the Court disagrees that the ALJ improperly ignored the possibility that Plaintiff was disabled for a subset of the relevant period.

To the extent Plaintiff contends that the ALJ specifically failed to consider whether he would have missed a work-preclusive number of workdays due to his condition, the Court declines to find error.  Plaintiff's surgeries occurred over the course of three months, and Plaintiff did not

---

[4] And even if the ALJ was not required to explain his decision under governing regulations, he failed to comply with the portion of the Appeals Court's order directing him to explain the weight he attributed to opinion evidence on remand.  (AR 148).  *See Cook v. Berryhill*, No. 14-40110, 2017 WL 1135221, at *11 (D. Mass. Mar. 27, 2017) ("On remand, an ALJ 'shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's order.'" (quoting 20 C.F.R. § 404.977(b))).  Thus, the Court would alternatively vacate and remand on this ground.